U.S. Departme⌐ ˙ of Justice


Office of the
Assistant Attorney General

*Washington, D.C. 20530*
MAR 1 3 1986

MEMORANDUM FOR THE ATTORNEY GENERAL


Re:  Acceptance of Gifts and Awards by
     Department of Justice Officials


    This memorandum is intended as a summary guide to the receipt
and acceptance of gifts and awards by Department of Justice
officials.  The first part outlines generally applicable laws and
Department of Justice regulations.  The second part focuses on
particular questions that may arise during your upcoming trip to
Southeast Asia.  The memorandum is not exhaustive, and is intend-
ed only to provide general guidance.  Please do not hesitate to
call on this Office should you or your staff wish additional
assistance in interpreting any particular rule, or advice re-
specting the propriety of accepting a particular gift.


I.  Rules Governing the Acceptance of Gifts by Department of
    Justice Officials

    A. In General

    1. 18 U.S.C. 209

    The rules governing the acceptance of gifts by departmental
officers and employees are derived broadly from the criminal
conflict of interest statutes,[1] and from Executive Order 11222.[2]

---

[1] See especially 18 U.S.C. 201 (prohibiting the acceptance of
anything of value with the intent to influence an official action
or in return for an official act); 18 U.S.C. 203 (prohibiting the
acceptance or sharing of fees derived from a matter involving the
federal government when the fee is based on any person's repre-
sentation before a department or agency during the period of the
employee's government service); 18 U.S.C. 209(a) (prohibiting the
acceptance of "any salary, or contribution to or supplementation
of salary, as compensation for" the recipient's services rendered
to the government).

[2] 30 Fed. Reg. 6469 (1965) ("Prescribing Standards of Ethical
Conduct for Government Officers and Employees").

Of particular importance are the provisions of 18 U.S.C. 209(a), which prohibit the receipt of "any salary, or any contribution or supplementation of salary, as compensation for . . . services as an officer or employee" of the federal government. For your convenience, a copy of section 209 is appended to this memorandum as Attachment 1. Section 209(a) has been interpreted to prohibit the acceptance of anything of value from a nongovernmental source that is offered because of one's government position.[3] Section 209 applies to gifts of tangible property, as well as to things that might more conventionally be regarded as a supplementation of salary.

The applicability of section 209 does not depend upon the existence of a conflict of interest or an appearance of impropriety, and the statute has no de minimis exception. And, it has been construed quite strictly by the Office of Government Ethics.[4]

## 2. Department of Justice Standards of Conduct

Generally, the Department's standards of conduct prohibit the acceptance of gifts or other things of "monetary value" in circumstances that may give rise to a conflict of interest. The relevant portions of the standards of conduct are appended as Attachment 2. Gifts generally may not be accepted from persons or entities that do business or are involved in litigation with the Department of Justice, that are engaged in activities regulated by the Department, or that have "interests that may be substantially affected by the performance or nonperformance of the employee's official duty." 28 C.F.R. 45.735-14(a)(1)-(4).

The standards of conduct also recognize certain specific exceptions to this general rule, for various situations in which the acceptance of a gift will not, as a practical matter, raise any significant appearance of impropriety. These situations

---

[3] See, e.g., 5 Op. O.L.C. 150 (1981)(propriety of prospective federal employee's continued affiliation with his private employer and its payment of his moving expenses); 4B Op. O.L.C. 605 (1980)(severance agreement between a prospective federal employee and his law firm).

[4] See, e.g., OGE Formal Opinion No. 85 x 4, April 2, 1985, advising an agency ethics official that section 209 may bar acceptance of items of appreciation by agency employees for giving speeches in their official capacities to private organizations.

include gifts from friends and family,[5] certain food and refreshments,[6] loans from banks,[7] and unsolicited advertising or promotional material of "nominal intrinsic value."[8] Plaques, certificates, and other similar tokens of appreciation typically have little if any market value and are of limited practical value to the recipient as well; accordingly, they may be accepted.

## B. Gifts from Foreign Governments

Gifts from a unit or representative of a foreign government are subject to special rules, which are discussed in part II infra. In general, officials may accept and retain for their personal use gifts from foreign governments valued at less than $165. Gifts from foreign private donors are subject to the same rules that govern all other gifts under 18 U.S.C. 209 and the Department's standards of conduct.

---

[5] 28 C.F.R. 45.735-14(c)(1) permits gifts from "a friend, parent, spouse, child or other close relative when the circumstances make it clear that the motivation for the action is a personal or family relationship."

[6] 28 C.F.R. 45.735-14(c)(2) provides that employees may accept "food and refreshment of nominal value . . . in the ordinary course of a luncheon or dinner meeting or other meeting."

[7] The standards of conduct do not prohibit "loans from banks or other financial institutions on customary terms of finance for proper and usual activities of employees, such as home mortgage loans," even though the bank or financial institution may do business or be involved in litigation with the Department. See 28 C.F.R. 45.735.14(c)(3).

[8] Examples of such material of "nominal intrinsic value" are pens, pencils, note pads, and calendars. 28 C.F.R. 45.735-14(c)(4). This Office has in the past advised departmental officials that they may accept such items as a pocket calculator worth about $20 (Memorandum from Asistant Attorney General Olson to Deputy Attorney General Schmults, December 21, 1983), a commemorative pewter ashtray (Memorandum from Assistant Attorney General Harmon to the Special Assistant to the Attorney General, August 18, 1978), and a chair worth "close to $100" (Memorandum from Assistant Attorney General Olson to Deputy Attorney General Schmults, October 15, 1982). In general, in advising whether a particular item should be regarded as having "nominal intrinsic value" for purposes of this regulation, we have tended to take into account both market value and practical value to the recipient. For example, an expensive plaque may fall within the category of "nominal instrinsic value," whereas a useful item (e.g., a briefcase or clock) with the same market value may not.

## C. Gifts to Superiors

Departmental officials are prohibited from accepting gifts from subordinates except on certain specified occasions. See 5 U.S.C. 7351 and 5 C.F.R. 735.202(d). The Department's standards of conduct prohibit the donation, solicitation, or acceptance of such gifts; there is, however an exception for gifts of nominal value made on "special occasions." 28 C.F.R. 45.735-14(e).

## D. Awards and Honoraria

Depending upon the circumstances, a "gift" may more accurately be characterized as an "award"[9] or an "honorarium."[10] However, analyzing a particular transaction as an award or honorarium will seldom yield a different result respecting its permissibility under the standards of conduct, since both awards and honoraria must be "compatible with" the conflict of interest provisions in the gift regulations. 28 C.F.R. 45.735-14(a)(1)-(4)(Attachment 2).

## E. Reporting of Gifts

Departmental officials who are required by the 1978 Ethics in Government Act to file an annual financial disclosure state-

---

[9] The standards of conduct permit employees to accept awards from professional, charitable, and other types of public service organizations, when "the circumstances are such that acceptance is compatible with other restrictions set forth in [the standards of conduct]." 28 C.F.R. 45.735-14a(d). The award regulation does not suggest any limitation on the permissible monetary value of an award. However, employees should consult with their designated ethics official before accepting awards that have any relationship to their government employment.

[10] Departmental employees may not accept a fee or anything of monetary value for a speech or other public appearance that is part of the employee's official duties. See 28 C.F.R. 45.735-12(a). Nor may they accept a fee or anything of monetary value for any teaching, writing, or appearance "the subject matter of which is devoted substantially to the responsibilities, programs or operations of the Department, or which draws substantially on official data or ideas which have not become part of the body of public information." 28 C.F.R. 45.735-12(b). While these prohibitions are written in absolute terms, this Office has not applied them to preclude acceptance of reasonable tokens of appreciation such as plaques, certificates, or personal gifts of nominal value. Employees may also accept reimbursement from a private entity for expenses of travel of an unofficial nature, "so long as the circumstances are such that acceptance of the reimbursement is compatible with other restrictions set forth in [the standards of conduct]." 28 C.F.R. 45.735-14a(b).

ment with the Office of Government Ethics may be required to report any gifts, including awards and honoraria, received during the relevant year. Gifts having a fair market value of less than $100 need not be reported. See 5 C.F.R. 734.301(c)(1). See also 5 C.F.R. 734.301(c)(5) (gifts with a fair market value of $35 or more from a single source must be aggregated for purposes of financial disclosure).[11]

## II. Gifts from Foreign Governments

### A. Basic Principles

The Foreign Gifts Act, 5 U.S.C. 7342, was passed by Congress to provide its consent, as contemplated by the Emoluments Clause of the Constitution,[12] to the retention of certain gifts by federal officials and to provide for the orderly disposition of other gifts. S. Rep. No. 1160, 89th Cong., 2d Sess. 2 (1966). A copy of the Foreign Gifts Act is appended as Attachment 3. The Act permits federal officials to accept and retain from a foreign government a "gift of minimal value tendered and received as a souvenir or mark of courtesy." 5 U.S.C. 7342(c)(1)(A).[13] A gift of more than minimal value is "deemed to have been accepted on behalf of the United States and, upon acceptance, shall become the property of the United States." 5 U.S.C. 7342(c)(1)(B)(i). As of March 1, 1984, the General Services Administration's regulations implementing the Act have set "minimal value" at $165 or less. 41 C.F.R. 101-49.001-5 (1984)(see Attachment 4).

Thus, a gift tendered by a foreign government may always be accepted. If its retail value is $165 or less, it may be retained by the recipient. If its value is greater than $165, it must be turned over to the United States.

---

[11] The relevant portion of the Ethics in Government Act requires reporting of "[t]he identity of the source, a brief description of it, and the value of all gifts other than transportation, lodging, food, or entertainment aggregating $100 or more in value received from any source other than a relative . . . , except that any gift with a fair market value of $35 or less need not be aggregated . . . ." 5 U.S.C. App. 202(a)(2)(B).

[12] The Emoluments Clause provides that "no person holding any office of profit or trust under [the United States], shall, without the consent of Congress, accept of any present, emolument, office, or title, of any kind whatever, from any king, prince, or foreign state." U.S. Const., Art. 1, sec. 9, cl. 8.

[13] Section 7342(b)(1) also prohibits an employee from requesting or otherwise encouraging the offer of a foreign gift.

## B. Identity of Donor

As noted in part I of this memorandum, the special rules allowing an official to accept foreign gifts apply only when the donor of the gift is a unit of foreign government or its official representative. If the donor is a private individual, 18 U.S.C. 209 and the gift provisions in the Department's standards of conduct, 28 C.F.R. 45.735-14, apply. See part IA of this memorandum, and Attachments 1 and 2. In case there is any uncertainty as to the identity of the donor, we would advise that the gift be treated as one from a private individual. Depending upon the circumstances, this may mean that a tendered gift will have to be refused.[14]

## C. Aggregation of Multiple Gifts

Application of the $165 rule to multiple gifts given by the same foreign government presents difficult problems. The provisions of the Foreign Gifts Act do not address the question of multiple gifts; nor is this issue discussed in the Act's legislative history. Likewise, the GSA regulations do not provide a method for valuation in the event of multiple gifts. This Office has in the past advised, as a matter of "prudent policy," that all gifts received from a single country on one trip or during one official visit should be aggregated in value, and that only those that together do not exceed $165 should be retained by the recipient for his personal use. Memorandum from Assistant Attorney General Olson to the Confidential Assistant to the Attorney General, January 28, 1983. While this is undoubtedly the safest advice, we have never suggested this interpretation is required. For example, the State Department regulations take a more liberal approach and require that multiple items be viewed as one gift only when "included in a single presentation." 22 C.F.R. 3.4(b)(1). We are advised that the Department of State applies an ad hoc factual test in determining whether several gifts should be regarded as part of a "single presentation."[15] Although the State Department approach may be difficult to apply in particular cases, it is otherwise unobjectionable.

---

[14] If circumstances indicating a possible conflict of interest exist and the gift is of more than nominal intrinsic value, the standards of conduct prohibit its acceptance. See 28 C.F.R. 45.735-14(a) and (c), discussed in part IA.

[15] According to the Office of the Legal Adviser, in advising whether an official must aggregate several gifts received from a single country or its officials in the course of one trip, the State Department generally considers such factors as the purpose of the trip, the source of the gifts, and the circumstances of their tender. If several gifts are closely related in time and purpose, State considers it generally advisable to treat them as a single gift for purposes of the Foreign Gifts Act.

We have also advised that an official may retain one of several gifts whose aggregate value exceeds $165, as long as the value of that particular item does not exceed $165.

## D. Reporting of Foreign Gifts

The Justice Property Management Regulations, Part 128-49, require that all foreign gifts, regardless of value, be reported to the Assistant Attorney General for Administration within 15 days of their acceptance (or, if the recipient is on a lengthy foreign trip, within 15 days of his return). This notification must take a particular form, described in the regulations which we attach for your convenience (Attachment 5). Any gifts accepted on behalf of the United States should be turned over to the Justice Management Division for proper disposition.[16]

If an official wishes to retain a gift for personal use, it should be appraised. Under the Department's regulations, the cost of the appraisal is borne by the office or bureau employing the recipient. See Attachment 5 at section 128-49.101(b).

Officials required to file an annual financial disclosure statement with the Office of Government Ethics may be required to report any gift they choose to retain personally. As previously noted, a retained gift must be reported if its value exceeds $100 or if the total value of all gifts worth more than $35 each received from any one donor during the reporting period (even if received from several visits) exceeds $100.

Charles J. Cooper<br>
Assistant Attorney General<br>
Office of Legal Counsel

Attachments

---

[16] The original recipient may have an opportunity to purchase a gift appraised at more than $165 in accordance with GSA's procedures for disposing of excess government property. See Justice Property Management regulations at section 128-49.107(a).